UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIO GODHIGH,

    Plaintiff,

v.    Case No. 3:23-cv-971-BJD-PDB

MELISSA IVY SOFTNESS, et al.,

    Defendants.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Plaintiff asserts claims of wrongful conviction concerning his 2015 state court criminal conviction in Miami-Dade County, Florida.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

---

[1] Plaintiff did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed *in forma pauperis*.

> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

Plaintiff is a prolific, three-strikes litigant.[2] This Court takes judicial notice of cases previously filed by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 1:12-cv-23418-WMH (S.D. Fla.) (failure to state a claim); (2) 1:12-cv-24305-DLG (S.D. Fla.) (failure to state a claim); (3) 3:17-cv-1229-HES-PDB (M.D. Fla.) (failure to state a claim); (4) 1:18-cv-24270-DLG (S.D. Fla.) (failure to state a claim and frivolous); and (5) 3:19-cv-1410-HLA-JBT (M.D. Fla.) (frivolous).

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Plaintiff may initiate a new

---

[2] Plaintiff has been informed numerous times that he is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), and his cases have been dismissed on that basis. *See* Order (Doc. 4), No. 5:18-cv-214-MCR-GRJ (N.D. Fla.). Therefore, to proceed *in forma pauperis*, Plaintiff must be in imminent danger of serious physical injury at the time a civil rights complaint is filed. *See* 28 U.S.C. § 1915(g). Otherwise, he must pay the $402 filing fee immediately and in full.

civil rights action by filing a new civil rights complaint form and paying $402.00 ($350.00 filing fee and $52.00 administrative fee).

To the extent Plaintiff is challenging his Miami-Dade conviction, which has not been overturned, the proper avenue for relief is through a habeas corpus action filed in the appropriate district court. Miami-Dade County, Florida, is located in the Southern District of Florida.[3]

Accordingly, it is now

### ORDERED AND ADJUDGED:

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of August, 2023.

BRIAN J. DAVIS
United States District Judge

caw 8/21
c:
Mario Godhigh, #M28779

---

[3] The Southern District has repeatedly dismissed Plaintiff's habeas actions as successive. *See* Case No. 1:22-cv-23063-AMC (S.D. Fla. Oct. 13, 2022) (discussing Plaintiff's excessive habeas filings).